UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 1:09-cr-174 |
| v. ) | |
| ) | Judge Mattice |
| TERNA HATTEN ) | |

## **MEMORANDUM AND ORDER**

Before the Court is Defendant Terna Hatten's Objection to Report and Recommendation [Court Doc. 39].

Defendant filed two Motions to Suppress [Court Docs. 22 & 23] which were referred to Magistrate Judge William B. Mitchell Carter. [Court Doc. 29]. Magistrate Judge Carter held an evidentiary hearing on Defendant's Motions to Suppress and thereafter issued his Report and Recommendation ("R&R") [Court Doc. 36]. Magistrate Judge Carter recommended that Defendant's Motion to Suppress the search be denied and recommended that Defendant's Motion to Suppress statements be granted in part and denied in part based on the agreement between the Government and Defendant. Defendant timely filed objections to Magistrate Judge Carter's R&R and the Government timely responded to Defendant's Objection [Court Docs. 39 & 41].

The Court has now reviewed the entire record pertinent to the instant objection, and for the reasons described below, the Court will **OVERRULE** Defendant's Objections, will **ACCEPT and ADOPT** Magistrate Judge Carter's R&R, will **DENY** Defendant's Motion to Suppress Search, and will **GRANT IN PART** and **DENY IN PART** Defendant's Motion to Suppress Statements.

**I.     STANDARD OF REVIEW**

The Court must conduct a *de novo* review of those portions of the Report and Recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations 28 U.S.C. § 636(b)(1)(C).

**II.    FACTS**

Magistrate Judge Carter held an evidentiary hearing on Defendant's Motion to Suppress on June 16, 2010, during which Officer Ricky Morrison of the Chattanooga Police Department, Agent Paul Healy with the Federal Bureau of Investigation (FBI), and Madrissa McKibben testified for the Government. In his R&R, Magistrate Judge Carter recounted the facts developed at the evidentiary hearing. (Court Doc. 36, R&R at 1-4). Defendant has not objected to any of the facts as outlined in Magistrate Judge Carter's R&R. Instead, Defendant's objections focus on the legal conclusions drawn from the facts. Accordingly, the Court **ADOPTS BY REFERENCE** the facts as set out in Magistrate Judge Carter's R&R. (*Id.*) The Court will refer to the facts only as necessary to analyze the issues raised on objection.

**III.   ANALYSIS**

Because the Government and Defendant reached an agreement with regard to Defendant's Motion to Suppress certain statements, Defendant only asserts objections as to Magistrate Judge Carter's recommendation on his Motion to Suppress Search.

Defendant's Objection merely recites six conclusory statements which, taken together, argue that the warrantless search of the residence at 2525 6th Avenue was invalid. These statements essentially address the conclusions in Magistrate Judge Carter's

R&R with which the Defendant disagrees, without any substantive argument or citation to authority. As such, Defendant's Objection is nothing more than a reiteration of the arguments Defendant asserted in his briefs and during the evidentiary hearing, which Defendant also did not support with any applicable case law.

The Court has reviewed Magistrate Judge Carter's Report and Recommendation and finds that Defendant's objections raise no new arguments but are simply a reargument of issues which were fully addressed in the Report and Recommendation. The Court finds that further analysis of these same arguments would be merely cumulative and is unwarranted in light of Magistrate Judge Carter's well-reasoned and well-supported Report and Recommendation.

Magistrate Judge Carter addressed the applicable case law at length and concluded that the consent to search provided to the officers by Ms. McKibben, an occupant of the apartment, in Defendant's absence (which absence was obtained by Defendant's choice to flee from the residence, only to be caught and arrested some distance from the apartment), was an entirely valid consent which permitted a lawful search of the premises.

The Court finds that Magistrate Judge Carter correctly applied the relevant law as stated by the United States Court of Appeals for the Sixth Circuit and that Defendant's objections are without merit.

## IV. CONCLUSION

For the reasons explained above, the Court **ORDERS** the following:

- Defendant's Objections [Court Doc. 39] are **OVERRULED**;

- Magistrate Judge Carter's R&R [Court Doc. 36] is **ACCEPTED and**

**ADOPTED**;

- Defendant's Motion to Suppress Statements [Court Doc. 23] is **GRANTED IN PART** and **DENIED IN PART** pursuant to the portion of Magistrate Judge Carter's R&R outlining the agreement between the Government and Defendant; and

- Defendant's Motion to Suppress Search [Court Doc. 22] is **DENIED**.

**SO ORDERED** this 25th day of February, 2011.

                                          /s/Harry S. Mattice, Jr.
                                          HARRY S. MATTICE, JR.
                                          UNITED STATES DISTRICT JUDGE